UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **ALVIN SERAILE** | **CRIMINAL NO. 01-CR-60130-01**<br>**CIVIL ACTION NO. 07-1628** |
| **VS.** | **JUDGE MELANÇON** |
| **UNITED STATES OF AMERICA** | **MAGISTRATE JUDGE METHVIN** |

**REPORT AND RECOMMENDATION ON MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO §2255 AND ON APPLICTION FOR WRIT OF MANDAMUS**
***(Rec. Docs. 35, 39)***

On September 27, 2007, petitioner Alvin Seraile filed a Motion to Vacate, Set Aside or Correct Sentence Pursuant to Title 28 U.S.C. §2255.[1] The United States filed an answer and memorandum.[2] On April 24, 2008, Seraile filed a Motion for Application for Writs of Mandamus.[3]

For the following reasons, **IT IS RECOMMENDED** that Seraile's motion under 28 U.S.C. § 2255 be **DENIED AND DISMISSED WITH PREJUDICE** and that Seraile's application for writ of mandamus be **DENIED AS MOOT.**

***Factual and Procedural Background***

On December 13, 2001, a federal grand jury returned a three-count indictment against the Seraile, as follows:

Count 1: Possession with intent to distribute cocaine in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(C).

[1] Rec. Doc. 35.

[2] Rec. Doc. 37.

[3] Rec. Doc. 39.

Count 2: Carrying of firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. §924(c)(1).

Count 3: Forfeiture pursuant to 21 U.S.C. §853.

On March 1, 2002, Seraile pled guilty to Counts One and Two.[4] On May 29, 2002, the government filed a motion for reduction of sentence under U.S.S.G. §5K.1.1. On May 31, 2002, Seraile was sentenced to a total of 100 months' imprisonment as to Counts One. This sentence was to run concurrently with Seraile's state court sentence, and included a thirteen-month credit for the time that Seraile had already served in federal custody. He was sentenced to 60 months' imprisonment on Count Two, to run consecutively with the sentence imposed on Count One and his state court sentence. The judgment was entered on June 7, 2002.[5] Pursuant to the government's motion, Count 3 of the indictment was dismissed on June 17, 2002.[6]

Seraile did not appeal his conviction and sentence. He filed the instant motion on September 27, 2007.[7]

***Issues Presented***

Seraile raises one ground for relief, that his sentence on Count 2 - carrying a firearm during and in relation to a drug trafficking crime – should run concurrently with his sentence imposed under Count 1 and his state court sentence.

---

[4] Rec. Docs. 19-22.

[5] Rec. Doc. 28.

[6] Rec. Doc. 30.

[7] Rec. Doc. 35.

***Scope of §2255 Review***

The scope of relief afforded under §2255 is extremely narrow. It is "reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir.1992); United States v. Acklen, 47 F.3d 739, 741 (5th Cir.1995). "We apply this rigorous standard in order to ensure that final judgments command respect and that their binding effect does not last only until "the next in a series of endless post-conviction collateral attacks." United States v. Shaid, 937 F.2d 228, 231-232 (5th Cir.1991), *cert. denied*, 112 S.Ct. 978 (1992).

Section 2255 provides four grounds for relief:

1. that the sentence violates the Constitution or other federal law;
2. that the court lacked jurisdiction;
3. that the sentence exceeded the maximum allowed by law; or
4. that the sentence is otherwise "subject to collateral attack."

Title 28 U.S.C. §2255.

***Law and Analysis***

Seraile contends that at his sentencing, he requested that the sentence for his firearm charge run concurrently with his drug conviction offense. Specifically, counsel for Seraile requested, "I want to ask you to run the five-year gun charge also concurrent to the state court sentence."[8] Counsel also stated that he was:

> well aware that the five-year gun charge has to run consecutive to the federal sentence and that is very clear. I am not personally certain that it can't be run – that the total federal sentence can't be run concurrent to the state court charge and would like to ask Your Honor to consider if it is possible or feasible under the

[8] Tr. 29.

> guidelines to consider the running of the five-year gun charge concurrent with the imposed state court sentence. . .

* * *

> I want to ask you to run the five-year gun charge also concurrent to the state court sentence.[9]

The Court stated that, despite his intention that Seraile serve Count Two concurrently with the state court sentence and Count One, he was prohibited from doing so. The Court indicated that Seraile could appeal his sentence or file a post-conviction motion if the Court's decision was incorrect.[10] Seraile argues that U.S. v. Geffrard, 87 F.3d 448 (11th Cir. 1996) provides for the relief he requests.

The government contends that Seraile's claim is time-barred, inasmuch as it was filed more than one year after the statutory limitations period expired. Title 28 U.S.C. §2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides a one-year limitation period for filing §2255 motions.[11]

In the instant case, Seraile was sentenced on May 31, 2002, and his judgment of conviction was entered on the court's docket on June 10, 2002. Generally, in a criminal case, a defendant's notice of appeal must be filed within ten days after the entry of the judgment. Rule

---

[9] Tr. 28-29.

[10] According to Seraile, the Court denied his request but informed him that if he could present a case in which such a sentence was allowed, he would likewise impose such a sentence.

[11] 28 U.S.C. §2255 provides in pertinent part:

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
(1) the date on which the judgment of conviction becomes final;

* * * *
28 U.S.C.A. § 2255.

4, Federal Rules of Appellate Procedure. Seraile did not appeal the court's sentence. Therefore, for purposes of the instant motion, the court concludes that Seraile's conviction became final on June 20, 2002. *See* Rubio-Martinez v. U.S. , 2006 WL 2947664, 1 (E.D. Tex 2006) (A conviction is final under § 2255 when a defendant's options for further direct review are foreclosed. United States v. Gamble, 308 F.3d 536, 537 (5th Cir.2000); United States v. Thomas, 203 F.3d 350, 352 (5th Cir.2000). When a defendant fails to file a notice of appeal from the judgment of the trial court, his conviction is final upon the expiration of the time for filing a notice of appeal, which is ten days after the entry of the judgment. Fed. R.App. P. 4(b)).

Thus, Seraile had until June 20, 2003 to file his motion. Because he did not file the motion until September 7, 2007 – more than 4 years later – Seraile's motion is time-barred.

Further, the undersigned finds that Geffrard does not support Seraile's argument. In the first place, Geffrard was decided in 1996 well before the tolling date of Seraile's motion.

Secondly, the issue of the propriety of entering sentences for a drug charge and a gun charge to run concurrently rather than consecutively was neither raised nor addressed in Geffrard. The defendant objected to the district court's enhancement to his sentence, and the appellate court noted the sentence that had been imposed. In that context, the Eleventh Circuit indicated that his sentence on a charge of possession of cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), 846 and 18 U.S.C. § 2 and charge for using and carrying of firearms during and in relation to drug trafficking in violation of 21 U.S.C. § 846 and 18 U.S.C. §§ 924(C), 2 were to run concurrently. 87 F.3d at 449. The appellate court did not discuss the propriety of allowing the sentences to run concurrently. The undersigned, thus, finds that Geffrard does not support petitioner's argument.

Further, 18 U.S.C. § 924(c) expressly provides in pertinent part:

> (ii) no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed.

18 U.S.C.A. § 924(c)(1)(D)(ii). The Supreme Court has held, ". . . the plain language of 18 U.S.C. § 924(c) forbids a federal district court to direct that a term of imprisonment under that statute run concurrently with any other term of imprisonment, whether state or federal." U.S. v. Gonzales, 520 U.S. 1, 11, 117 S.Ct. 1032, 1038 (1997).

Considering the foregoing, the undersigned concludes that Seraile's §2255 motion should be denied and Seraile's application for writ of mandamus is moot.

***Conclusion***

For the foregoing reasons, the undersigned recommends that Seraile' §2255 motion be **DENIED AND DISMISSED WITH PREJUDICE** and that Seraile's motion for writ of mandamus be **DENIED AS MOOT**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) days from receipt of this Report and Recommendation to file specific, written objections with the Clerk of Court. Counsel are directed to furnish a courtesy copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of receipt, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal**

**conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

**accepted by the district court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana, on July 30, 2008.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)